UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCEDES PEÑA, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP.,

Defendant.

**COMPLAINT**

**Docket No.: 19-cv-718**

Jury Trial Demanded

MERCEDES PEÑA ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for her Complaint against THE FIRST CHINESE PRESBYTERIAN COMMUNITY AFFAIRS HOME ATTENDANT CORP. ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day

in which the spread of hours exceeds ten, NYLL § 652(1), 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers pay wages to their employees who perform manual work pursuant to the terms of employment not less frequently than on a weekly basis, and/or pay all wages owed in a timely manner not less frequently than the regularly scheduled payday, NYLL § 191(1)(a) and/or (d); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendant - - a home health aide staffing agency - - as an in-home, home health aide / attendant July 1, 2004 through October 2, 2018, throughout New York City.  As described below, throughout her employment, Defendant willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL in several different ways.

3.      First, for the entirety of her employment - - but as is relevant to Plaintiff's overtime claims in this action, from at least January 1, 2015 through October 2, 2018 - - Defendant required Plaintiff to routinely work more than forty hours in a workweek, but failed to compensate her at the statutorily-required overtime rate of one and one-half times her regular rate of pay for many of the hours that she worked in excess of forty each week.  Instead, Defendant paid her at her straight-time rate of pay for thirty-nine of the first seventy-two hours that she worked each week despite not providing her with three hours per day of uninterrupted meal breaks and/or five hours per day of uninterrupted sleep breaks.  Defendant only paid her additional compensation - - either at her straight time or overtime rates - - when she worked four or more twenty-four hour shifts in a week.  Defendant therefore routinely paid Plaintiff nothing for at least thirty-three hours of work each week.

4.      Second, prior to January 1, 2015, Defendant failed to pay Plaintiff at least one and one-half times the New York minimum wage rate for all hours worked in a week over forty.  That is, Defendant instead only compensated her at the rate of $10.00 per hour for the first twelve hours

worked each shift, including during weeks when Defendant *did* pay Plaintiff for greater than forty hours in a week, thereby failing to pay Plaintiff at least one and one-half the New York minimum wage rate for all hours worked over forty in violation of the NYLL's and the NYCRR's provisions applicable pre-2015.

5.     And third, fourth, and fifth, for the entire six-year period predating this action's commencement through the end of Plaintiff's employment on October 2, 2018, Defendant failed to provide Plaintiff with: accurate wage statements on each payday; spread-of-hours wages of an additional hour's pay at New York's applicable minimum-wage rate when her shift exceeded ten hours; and all of her earned wages at least as frequently as on a weekly basis due to her status as a manual worker and/or in an otherwise timely manner in accordance with the agreed upon terms and conditions of her employment, both by failing to ever pay her for many of her hours worked each week - - either below or above forty  - - and by failing to pay her on a weekly basis whenever Defendant did pay her, all as the NYLL requires.

6.     Defendant, with relevant exception as noted below, has paid and treated all of its home health aides / attendants in the same manner.

7.     Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's violations of the FLSA.  Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff who opts-into this action, as that term is defined below.

8.     Plaintiff also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL's pre-2015 overtime provisions, as well as the NYLL's wage statement, spread-of-hours, and timely payment provisions as applicable to manual workers, and the supporting New York State Department of Labor regulations for those claims, where applicable.

9.      Plaintiff *does not* seek to bring pursuant to Rule 23 her NYLL overtime claim from January 1, 2015 through October 2, 2018, nor her gap time claim for Defendant's failure to pay her at all for certain hours worked.

## JURISDICTION AND VENUE

10.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

11.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

12.     At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

13.     At all relevant times herein, Defendant was and is a New York corporation with its principal place of business located at 30 Broad Street, New York, New York 10004.

14.     At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and NYLL.  Additionally during all relevant times, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in

interstate commerce within the meaning of the FLSA, as it employs two or more individuals, and

it interacts with and receives payments from out-of-state insurance carriers, as well as from federal

and state government health programs such as Medicaid, the combination of which subjects

Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime

compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29

U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following

collective:

> Current and former home health aide / attendants, who during the
> applicable FLSA limitations period, performed any work for
> Defendant, and who consent to file a claim to recover damages for
> overtime compensation that is legally due to them ("FLSA
> Plaintiffs").

16.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all

FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar

manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid

the required one and one-half times their respective regular rates of pay for all hours worked per

workweek in excess of forty.

17.     At all times during the applicable FLSA limitations period, Defendant is and has

been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the

rate of one and one-half times their respective regular rates of pay for all hours worked each

workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

18.     Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of two partially overlapping sub-classes of those who are similarly situated during the applicable limitations period, one of which consists of all workers who performed work for Defendant pre-2015 and were not properly paid overtime for hours worked over forty and not provided accurate wage statements reflecting their lawful rate of pay for all overtime hours worked, and the other of which consists of all workers who at any time during the six-year period pre-dating the commencement of this action were subjected to spread-of-hours and timely payment violations of the NYLL and the NYCRR and not provided accurate wage statements reflecting their spread of hours pay or proper payday for all overtime hours worked.

20.     Under FRCP 23(b)(3), Plaintiff must plead that:

     a.     The class is so numerous that joinder is impracticable;

     b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

     c.     Claims or defenses of the representative are typical of the class;

     d.     The representative will fairly and adequately protect the class; and

     e.     A class action is superior to other methods of adjudication.

21.     Plaintiff seeks certification of the following FRCP 23 sub-classes, the putative members of both, together, are referred to herein as "Rule 23 Plaintiffs":

6

*Sub-class A: NYLL Overtime/Wage Statement Sub-class*

a.      Current and former home health aide / attendants who, beginning six years pre-dating the filing of this action and continuing until December 31, 2014, worked more than forty hours in a week for Defendant within the State of New York; and

*Sub-class B: NYLL Spread-of-Hours/Wage Statement/Manual Worker Sub-class*

b.      Current and former home health aide / attendants who, at any time during the six-year period pre-dating this action's commencement, worked at least one shift over ten hours for Defendant within the State of New York.

Numerosity

22.     Throughout the six-year period predating this action's commencement Defendant has, in total, employed at least forty employees that are putative members of each sub-class.

Common Questions of Law and/or Fact

23.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 sub-classes, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) the number of hours Defendant required Sub-class A members to work each week; (4) the number of hours for which Defendant compensated Sub-class A members each week prior to January 1, 2015 and at what rate or rates; (5) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with wage statements on each payday that accurately contain all of the information required by NYLL § 195(3); (6) whether Defendant failed and fails to pay Sub-class B members an additional hour's pay at the applicable New York minimum wage rate when their spread-of-hours exceeded and exceeds ten during any shift; (7) whether Defendant failed and fails to pay Sub-class B members their wages on at least as frequently as a weekly basis; (8) whether Defendant has any affirmative

defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (8) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

24.    As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent: as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York; with respect to Sub-Class A members, Defendant failed to compensate them with at least one and one-half times the then-applicable New York minimum wage rate for all hours worked over forty in a week; and with respect to Sub-Class B members, Defendant did and does not pay them their owed spread-of-hours pay when their shifts exceeded and exceed ten hours, nor did and does Defendant pay them their wages on at least as frequently as a weekly basis; and with respect to all Rule 23 Plaintiffs, Defendant failed to provide them with proper wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR, collectively to be furnished with overtime compensation of at least one and one-half New York's minimum wage rate prior to January 1, 2015 when working beyond forty hours in a work, to be furnished with accurate wage statements on each payday, to be paid their owed spread-of-hours wages whenever their shifts exceed ten hours, and to be paid at least as frequently as on a weekly basis. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and the NYCRR.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or

Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

Adequacy

25.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendant.  Defendant regularly: failed to pay Plaintiff one and one-half times the New York minimum wage rate for all hours worked over forty each week prior to January 1, 2015; failed  to furnish Plaintiff with accurate wage statements on each payday; failed to pay Plaintiff spread-of-hours wages when her shift exceeds ten hours; and did not pay Plaintiff her wages on at least as frequently as a weekly basis, which is substantially similar to how the Defendant paid and treated and pays and treats the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to her raised in this Complaint and that will be raised in the Defendant's Answer.  Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

26.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

27.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by any home health aide / attendant of Defendant would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30.     Defendant is a New York corporation that runs a home healthcare staffing agency, which provides in-home health care services, including personal grooming, meal and errands preparation, house cleaning and general housekeeping, and other in-home services to clients located throughout New York City.  For at least the last four years predating this action's commencement until her employment ended on or around October 2, 2018, Plaintiff primarily worked for Defendant by providing care to a family residing in the Bronx.  Prior to then, Plaintiff worked for Defendant in the same role in various families' homes throughout New York City.

31.     Plaintiff commenced her employment with Defendant as a home health aide / attendant in 2004 and worked in that role throughout her employment, working in the homes of various families in New York City, providing care primarily to the elderly or infirm.

32.     Plaintiff's primary duties - - and well more than 25% of her duties - - as a home health aide / attendant consisted of performing manually laborious tasks in providing services for the infirm, such as preparing meals, feeding, grooming, bathing, and doing laundry.

33.     Moreover, beginning in or around September 2013 and continuing until the end of her employment, Defendant required Plaintiff to work overnight in the homes of those individuals for whom she provided care.

**Post-January 1, 2015 Overtime and Gap Time Claims**

34.     From at least January 1, 2015 through the end of her employment on October 2, 2018, Defendant failed to provide Plaintiff with three hours of uninterrupted meal breaks each day.

Instead, Plaintiff was required to eat meals intermittently throughout her shifts while performing other tasks for the individuals to whom she provided care.

35.     Also, from at least January 1, 2015 through the end of her employment on October 2, 2018, Defendant failed to provide Plaintiff with five uninterrupted hours of sleep breaks each night.  Instead, Plaintiff was required to regularly wake up throughout the night, virtually every night, to assist the individuals for whom she provided care.

36.     As is relevant to this action, from in or around September 2013 through the end of her employment, Defendant required Plaintiff to work, and Plaintiff in fact worked, at a minimum from 8:00 a.m. on Mondays through 8:00 a.m. on Thursdays, for a total of three consecutive twenty-four-hour shifts, amounting to at least seventy-two hours per week.

37.     By way of example only, during the workweek of August 18 through August 24, 2018, Defendant required Plaintiff to work, and Plaintiff did work, three twenty-four-hour shifts, one each day on August 20th, August 21st, and August 22nd, for a total of seventy-two hours. During each day, Defendant did not permit Plaintiff to take three one-hour meal breaks, and during each day, Defendant also did not permit Plaintiff to enjoy five hours of uninterrupted sleep breaks.

38.     For each workweek that Plaintiff worked from January 1, 2015 through October 2, 2018, Defendant paid Plaintiff at various rates of pay, but at no time greater than the applicable New York minimum wage rate for only the first thirteen hours that she worked in any given shift when working her normal three-shift-per-week schedule, and thus nothing for any hours that Plaintiff worked or works in a three-shift week in excess of thirty-nine.

39.     From January 1, 2015 through October 2, 2018, Defendant only paid Plaintiff overtime compensation when she worked four or more shifts in a given week.

40.     By way of example only, during the workweek of August 18 through August 24, 2018, Defendant paid Plaintiff for her work at the rate of $13.00 per hour for only her first thirteen hours worked each day, for a total of only thirty-nine hours, and for total compensation of $507.00. Defendant paid Plaintiff nothing for her hours worked exceeding thirty-nine that week.

41.     By way of a second example only, during the workweek of August 11 through August 17, 2018, Defendant required Plaintiff to work, and Plaintiff did in fact work four twenty-four-hour shifts, one each day on August 11th, August 14th, August 15th, and August 16th.  For her work, Defendant paid Plaintiff at the rate of $13.00 per hour for the first thirteen hours worked on August 14th and 15th.  Defendant also paid Plaintiff at the rates of $14.10 for the first thirteen hours worked on August 11th, $13.00 per hour for her first hour worked on August 16th, and at the rate of $19.64 per hour for her second through thirteenth hour worked on August 16th.  During each day in this week, Defendant also did not permit Plaintiff to take three one-hour meal breaks, and during each day Defendant did not permit Plaintiff to enjoy five hours of uninterrupted sleep breaks.  Defendant therefore failed to pay Plaintiff any compensation for any hours worked beyond her first thirteen hours worked on August 11th and August 14th through August 16th.

42.     In sum, from January 1, 2015 through the end of her employment on or around October 2, 2018, Defendant failed to pay Plaintiff at her overtime rate of time and one-half her regular rate for any hours that Plaintiff worked over forty in a workweek unless she worked extra shifts beyond her regularly scheduled three-shift workweek, and only after disregarding thirty-two hours of unpaid work, as set forth in the examples above, nor at her straight-time rate for the hour worked between her thirty-ninth and fortieth hour in a week.

**Pre-January 1, 2015 Overtime Claims**

43.      Prior to September 2013, Defendant required Plaintiff to work, and Plaintiff did in fact work, between four and seven twelve-hour shifts each week, for a total of between forty-eight and eighty-four hours worked each week.

44.      For her work prior to September 2013, Defendant paid Plaintiff at the rate of $10.00 per hour.

45.      Beginning in or September 2013, Plaintiff began working twenty-four-hour overnight shifts for Defendant.  From in or around September 2013 through December 31, 2014, Defendant paid Plaintiff at the rate of $10.00 per hour, but only for the first *twelve* hours that Plaintiff worked for each twenty-four hour shift.  And even when Plaintiff worked at least four twenty-four hour shifts in a week, Defendant still never paid Plaintiff more than the rate of $10.00 per hour for any hours.

46.      For example, during the week of July 13 through July 19, 2013, Defendant required Plaintiff to work, and Plaintiff did in fact work four twenty-four-hour shifts, one each day on July 15th, July 16th, July 17th, and July 19th, for a total of ninety-six hours.  For her work, Defendant paid Plaintiff $10.00 per hour, but only for a total of forty-eight hours. Defendant therefore failed to pay Plaintiff any compensation whatsoever for any hours worked beyond her first twelve hours worked during each of these four shifts that week, meaning that Defendant failed to pay Plaintiff any compensation for forty-eight hours of work that week.

47.      Moreover, Defendant paid Plaintiff $10.00 per hour for forty-eight hours that same week for a total of $480.00, including for eight of her hours worked over forty that week. Defendant therefore failed to pay Plaintiff at least one and one-half times the then-applicable New

York minimum wage rate of $7.25 per hour, which amounts to $10.88 per hour, for the eight hours for which Defendant *did* pay her over forty that week.

48.     In sum, prior to January 1, 2015, Defendant never paid Plaintiff at least one and one-half the New York minimum wage rate for any hours worked over forty in a week.

**Additional Facts Relevant to All Claims**

49.     Defendant, at all times relevant herein, also failed to provide Plaintiff with an additional hour's pay at the minimum wage rate on each day when her workday exceeded ten hours from start to finish, which was virtually every shift that she worked, including those in the examples provided above.

50.     Defendant paid Plaintiff on a bi-weekly basis.

51.     On each occasion when it paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, her actual overtime rate of pay for all hours worked over forty each week, her spread of hours premium that she should have received, or her proper payday in considering her status as a manual worker.

52.     Defendant treated and paid and treats and pays Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

53.     Defendant acted and acts in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

54.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked and works was and is for Defendant's benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

55.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57.    As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

58.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

59.    Defendant willfully violated the FLSA.

60.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCRR*

62.    Plaintiff, Sub-class A members, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

64.    Moreover, NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate employees who are subject to the exemptions of Section 13 of the FLSA, as amended, overtime at a rate of at least one and one-half times New York's basic minimum hourly rate.

15

65.    As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Sub-class A members, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

66.    As also described above, from January 1, 2015 through the present, Plaintiff, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

67.    As also described above, prior to January 1, 2015, Plaintiff, Sub-class A members, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions by paying them at least one and one-half times the New York minimum wage rate for all hours worked over forty in a week.

68.    Plaintiff, Sub-class A members, and any FLSA Plaintiff who opts-into this action, are entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rates of pay.

69.    Plaintiff, Sub-class A members, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

70.    Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

72.     As described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

73.     Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

74.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

75.     Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

77.     As described above, Defendant is an employer within the meaning of the NYLL and NYCRR, while Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and NYCRR.

17

78.     As described above, Defendant failed to provide Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when the hours of their workday exceeded ten.

79.     Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, are entitled to recover one hour's pay, at the minimum wage rate, for all days during which their shifts exceeded ten hours from start to finish.

80.     Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's failure to pay the required spread of hours pay.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Timely Wages in Violation of the NYLL*

81.     Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     NYLL § 191(1)(a) requires employers to pay "manual workers" at least as frequently as on a weekly basis.

83.     NYLL § 191(1)(d) requires employers to pay all workers their wages earned in accordance with the agreed terms of employment, but not less frequently than on regular paydays as designated in advance by the employer.

84.     As described above, Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, were and are "manual workers" under the NYLL in that at least twenty-five percent of their work was and is spent performing manual tasks.

85.     As also described above, Defendant failed to compensate Plaintiff, Sub-class B members, and any FLSA Plaintiffs who opts-into this action, on at least as frequently as a weekly basis, in violation of NYLL § 191(1)(a).

86.     Moreover, Defendant failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action in accordance with the agreed terms of her employment by failing, in addition to her unpaid overtime hours, to *ever* pay her for many of her hours worked each week prior to January 1, 2015, and for one hour worked per week below forty from January 1, 2015 through the present.

87.     As a result of Defendant's failure to pay Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, all of their wages in a timely manner, Plaintiff, Sub-class B members, and any FLSA Plaintiff who opts-into this action, are entitled to all unpaid wages, liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

## DEMAND FOR A JURY TRIAL

88.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

       c.       An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

       d.       Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

       e.       Certification of the claims brought in this case under the NYLL, as explained above, as a class action pursuant to FRCP 23;

       f.       Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

       g.       All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendant's unlawful payment practices;

       h.       Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

       i.       Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

       j.       Pre-judgment and post-judgment interest, as provided by law; and

     k.     Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further

relief as this Court finds necessary and proper.

Dated:  New York, New York
        January 24, 2019

                             Respectfully submitted,

                             BORRELLI & ASSOCIATES, P.L.L.C.
                             *Attorneys for Plaintiff*
                             655 Third Avenue, Suite 1821
                             New York, New York 10017
                             Tel.: (212) 279-5000
                             Fax: (212) 679-5005

          By:    _____
                           MICHAEL R. MINKOFF (MM 4787)
                           ALEXANDER T. COLEMAN (AC 1717)
                           MICHAEL J. BORRELLI (MB 8533)